Case number 19-3922 Andrei Skripkov v. William P Barr Argument not to exceed 15 minutes per side Ms. Brenna Duncan, you may proceed for the appellant May it please the court, Brenna Duncan for Petitioner Andrei Skripkov I have reserved 4 minutes for rebuttal This case comes down to a question of nexus Whether the Immigration Judge and Board of Immigration Appeals properly assess the link between the abuse Mr. Skripkov suffered at the hands of Russian authorities and his political affiliation There is no question that Mr. Skripkov engaged in open, notorious, and frequent opposition to Russian government corruption Despite acknowledging this political affiliation, the agency declined to find that persecution was politically motivated Mr. Skripkov appeals because the agency erred as a matter of law in two respects First, the BIA erred in the application of the Employee of Removal Statute by applying a nexus standard specifically reserved for asylum applicants The difference in standards is evidenced by the plain language and structure of the respective statutes as amended by the Real ID Act of 2005 This error compounded the error in the agency's asylum analysis which was its failure to consider key evidence before the Immigration Judge of threatened criminal prosecution for participation in peaceful political gatherings And this evidence supported a nexus between the abuse Mr. Skripkov suffered and his political affiliation So Ms. Duncan, is it the case that your real concern is that the same standard was used for both the withholding of removal and the other action or is it that some item of evidence was not properly considered and properly weighted when the Immigration Judge and the Appellate Immigration Authority considered the matter? Your Honor, we're concerned with both here and these are separate errors of law The error before the IJ regarded the asylum nexus analysis and that error was failure to consider key evidence that was before the Immigration Judge at the time of Mr. Skripkov's testimony and also in his written submission before the Immigration Court That error affected the asylum analysis but separate and apart from that, that same error was compounded when in addressing Mr. Skripkov's withholding of removal claim the agency used the wrong standard Let me ask you this, is there any real difference between one central reason and a reason? Is there any case authority that distinguishes those two? Well, Your Honor, if you look to the Congressional Conference Report that sheds some light on what one central reason is supposed to mean In that conference report, Congress specifically said that it was going to rectify a Ninth Circuit opinion in which they were using at least one reason next to standard and it said that it was going to mirror essentially a proposed Attorney General rule that never actually was adopted but that rule required that motive be more than incidental or tangential that the trait be central to the persecutor's actions And so there has to be more than a reason  But notably, in the statutory telling of the asylum statute requirements it's not the central reason, it must be one central reason But I'm assuming your argument would be that your client would qualify under either test That's correct, Your Honor But I mean, what about the point that the IJ relied on and the BIA that these assailants were motivated by their own pecuniary interests that they had lost money and they weren't assailing him because of his political opinion but because of their own pecuniary interest What's your response to that? Well, Your Honor, pecuniary interest may have been a motive but that doesn't mean that political motivations were also at hand And the error at the IJ level was really critical in this regard because he failed to consider a piece of evidence which was during Mr. Skripkoff's fourth detention he was threatened with criminal prosecution and also the investigating officer in that instance referred back to Mr. Skripkoff potentially owing someone And this evidence links the abuse at the hands of the police officers in the street beatings to his political detentions and throws a whole new light on what these street beatings might have been motivated by And so while it may be inextricably intertwined both the political and the pecuniary reasons that IJ failed to consider this key piece of evidence and therefore Mr. Skripkoff is entitled to a remand in this instance So I'm just having trouble understanding our standard of review So isn't the nexus question a question of fact? Well, Your Honor, whether the agency applied the correct nexus standard is a question of law And whether the BIA erred in not considering that evidence was reviewed at the lower level is also a question of law Well, right But how do we know that the IJ didn't consider that piece of evidence? I mean, surely when we're conducting substantial evidence review of an IJ and a BIA determination they don't have to mention every single piece of evidence that's presented to them in order for us to think that they considered it, right? I mean, otherwise we would have to remand Sometimes these records are voluminous There's 300 pages in your case I just don't know how we know that he overlooked this evidence when it seems that your client mentioned it only twice once in his narrative and then once at the very end but never sort of made it a central theme Well, Your Honor, the IJ was actually quite thorough with his analysis and we see that borne out at the record on page 187 He specifically enumerated all of these instances of harm that Mr. Shkrupkov testified to and yet with regard to each of these pieces of evidence whereas the IJ in each of these instances said no, this doesn't rise to level or perhaps it doesn't have the sufficient political motivation that fourth piece of evidence or excuse me, the fourth detention in which the detaining officer specifically threatened him with criminal prosecution that was never assessed in the IJ's thorough decision and then when it was appealed and brought forth for the BIA the BIA fully discarded this argument by saying that it was new evidence So you're right Oh, go ahead No, go ahead No, no I was just going to say so your argument is because this IJ was so thorough we can infer that he missed this piece of evidence Well, yes, Your Honor because in every other instance of harm the IJ made a nexus determination yet this one critical piece of evidence which has the potential of throwing an entirely new light on all the other instances of abuse was not analyzed Okay, and I just wanted to go back to what Judge Larson said So you're saying that because the analysis is not contained in the body of the written document we have to assume that he didn't analyze that because he didn't set it forth in the written analysis and we give great weight to that Is that correct? Well, Your Honor, not only did the IJ not address it but then when it was brought forth before the BIA the BIA also didn't consider this error So we're looking at a lack of any rational basis at the BIA level for not considering this argument Okay, and I want to go back again to the one central reason Do you argue that this one central reason has to be something akin to the but-for reason for the action or is it something less than that? And I know the but-for is a standard that we're using in employment law but are you arguing that it has to be something akin to a standard such as the but-for? No, Your Honor, I don't think it necessarily rises to that level Again, if we look at the conference report Congress was pretty clear that it was trying to mirror this proposed Attorney General rule and that it was also trying to codify circuit case law And one of the circuits, the Fifth Circuit, I believe said that the motive had to be the trait had to be a meaningful part And so that's a little bit less than but-for, I would say It has to be meaningful It cannot be incidental or tangential But doesn't the statute say because of? And hasn't the Supreme Court told us that the default for because of language in a statute is but-for? Your Honor, the because of and the on account of language preceded the Real ID Act of 2005 which was what supplied the new nexus standards both for the withholding of removal and for asylum And so those nexus standards are actually codified in separate subsections of the withholding of removal and the asylum statutes And so with withholding of removal the nexus standard is a reason and that's specifically set forth in the burden of proof section added by the Real ID Act of 2005 So what does what does relief for you contain? And if you just answer that briefly because I think you're out of time So if you are to prevail what is the relief succinctly put that you that you want? Yes, Your Honor We would like to see a remand whereby the agency fully consider all of the evidence before it and that does not necessarily mean that it would have to consider the indictment and summons It means that it would have to consider the threat of criminal prosecution and that the withholding of removal claim by Mr. Spritkoff be analyzed under the a reason standard separate and apart from the one central reason test that applies for asylum Thank you and you'll have your full rebuttal I'm sorry, did the judge have a question? Yes, if I may, oh sorry No, you can do that in your rebuttal I was asking the judges if they had something else they wanted to add right now No, it's okay Okay, then you save that point for your rebuttal Unless of course you want to use your rebuttal time now for that point That's all right, Your Honor Thank you Okay, we'll hear from the appellee Mr. Good morning, Your Honor Yes, good morning May it please the court Arthur Rabin on behalf of the Attorney General In this case, we would say substantial evidence does support the agency's denial of asylum and withholding removal Now, the way the posture of the case is as briefed it's our position that for asylum at least it appears in the briefing that petitioners have waived their challenge to the actual board denial of asylum which was based on the board's determination then under its decision in matter of NM where it set out its analysis and factors of how to determine whether or not somebody's anti-corruption stance is tantamount to a political opinion Petitioner has not briefed any of that has not challenged any of that So just at the outset, I'd like to say that's been waived But in any case, so what it looks like for challenge the board's asylum discrimination is that it seems to say that the petitioners are saying that the board didn't do and I didn't do a good enough job in picking out each and every claim and specifically the last one that they mentioned which is that during one of his detention a police officer noted to him that one more arrest would lead his possible prosecution for a criminal statute that deals with where people repeatedly violate Russian laws in regard to public assembly Now that was not central to his It was not an immediate or a menacing threat It was just a conditional threat Look, if you're going to be rearrested one more time for illegal assembly this is what's going to happen You're probably going to be prosecuted Now, according to petitioner's own statement the written statement in the record he admits that he actually did participate in several unsanctioned rallies and that's on page 410 of the record and he specifically said that he was arrested for that So it is not unreasonable for the police to have threatened him with this and that it was not in fact any prosecution because that threat that was given to him actually had a legal basis Well, except let me ask you this though I think that his point seems to be that well, wait though they weren't arresting everybody that came to any of these rallies I mean, he says they focused on me because I was part of this anti-corruption political position and they were focusing on me because they were trying to shut me up That's his claim Well, your honor, his claim is that it looks like there's a bunch of claims here So things have been going on for almost a decade with him in Russia He said that he upset a couple of governors by failing to abide by their wishes to engage in corrupt activities which led to the removal of one or both And then years went by If you look at the chronology nothing really happened to him other than threats until 2014 or so when he had a rock thrown through his window And then finally after that it took four more years before he was actually arrested for anything And that's only because he was taking active parts in unsanctioned rallies Now, if we actually focus on the arrests and then finally the two incidents where some men beat him up Each of one of those in no way was he ever told Look, you're being arrested because of your anti-corruption activities Instead, it was based on a legal reason that he was on a sanctioned rally And then during where he was punched those incidents the men never talked about any of his anti-corruption stances or political opinions All they wanted was their 7 million rubles They kept demanding him So, Mr. Rabin I think it's Rabin Sorry, it's written very small I'm sorry Yes, your honor I'm having trouble understanding how we are supposed to separate when something is based on pecuniary motives as opposed to political motives when Mr. Skripkov's political cause is preventing government graft So, he wants to keep people like his alleged persecutors here from profiting from government graft So, how do I know the difference between they're saying I just like to keep the money in my pocket and they're saying I would like to have you stop advocating for people to keep me from keeping the money in my pocket I mean, it seems like a very thin line So, help me understand the difference Well, your honor The board dealt with this issue and its decision matter of NM which is cited by the board in its decision here on page four And what they focused on is element number two was what actually motivated the persecutors based on what actually happened here So, what the agency found is that what actually motivated his persecutors to commit these acts was not his anti-corruption stance but was trying to get money back to recoup the funds that he cost them But I guess I'm just wondering in a case like this where he has joined a political organization whose purpose is to root out corruption how we know the difference? So, let me give you this is kind of a far-fetched hypothetical but let's, thankfully far-fetched Let's say there's a regime that still has the institution of slavery and Mr. Skripkov is an abolitionist So, he joins and he says I think we should get rid of slavery I'm an abolitionist He does all the same things and he gets harassed in the same ways here And then the federal police say Well, it's not that I was opposed to his anti-slavery political views It's just I wanted to keep my slaves Like, is there a difference? And isn't that the same thing here if these people are profiting from the corruption and he's anti-corruption? I just am having a hard time Yeah, so your honor Here's the line between your hypothetical and what happened here He hasn't shown that he was actually being persecuted by the government So, both of these when he supposedly turned these people in they were removed So, this was not a state-sponsored corruption scheme It was a criminal scheme Didn't he say This is Judge Donald Didn't he say that some of the people committing the acts of violence were in police gear? Be it whatever And if they were I mean, if they were or they weren't Isn't that an allegation that they were and that would make it at least an allegation of state sponsorship Wouldn't it? Well, your honor So, two things One is, again So, both of these government officials were removed and were fired and according to him are being prosecuted They're being sought for prosecution Number two, the men who actually beat him up were dressed in civilian clothes They made efforts to cover up their police car the license plate So, which shows a criminal intent It doesn't show their You know, if they had been openly acting as police officers they wouldn't have to cover up their uniforms or the license plate of their police car So, I would say that this was not state-sponsored These were criminals who were seeking retribution and recoupment of lost funds And I think that's the critical distinction here that the agency focused on and which substantial evidence in this case supports But Mr. Rivett, it's not inconsistent that a state directing individuals to commit acts would want the people doing that to not necessarily publicly link their actions to the state Isn't that, if you understand what I'm saying No, I understand you're right Yeah, so, but here that's not what happened So, he never claimed that a current governor was trying to get back at him or current government official All he said was that these were corrupt police or that obviously he thinks were hired by these criminals So, these low-level cops obviously were corrupt but they weren't acting on behalf of the government They were acting on behalf of criminal elements And so, this wasn't, you know somebody in authority directing them He himself admitted he thinks it's the former officials that were directing this corruption scheme Well, did the judge properly analyze those alleged facts and come to a conclusion about the actions, the nature and extent of them and the connection Is that analyzed in the, I mean, do you sufficiently Yeah, so, I'm trying to find the actual page in the record where the judge goes through So, he, I think it's page 186 through 187 He does go through each and every element kind of like trying to find a nexus in these schemes and he continues on page 188 and then finally finds there's no nexus on 189 Now, he does not specifically address each and every factual incident other than generally saying on this date this happened to him, on this date this happened to him and he keeps saying like, well, the detentions on the following dates were not sufficiently connected He also found that they weren't sufficiently severe to constitute persecution which is a finding that's yet to be addressed by the board because it kind of skipped over that and found it did need not address in lieu of its other finding in regard to nexus So, but again, I think this circuit just like many circuits has plenty of cases to talk about how the agency does not have to write an exegesis in regard to each and every allegation especially one that he never made central to his claim This wasn't an immediate menacing threat that somehow he was going to be prosecuted by himself just for his, you know It was just a police officer's offhand remark and it was not central to his claim more so than say him getting beat up which the IJ did address I have one further question Let's assume that Mr. Skripkov's asylum application is remanded to the IJ In that event, should the IJ be able to consider the indictment and the summons in making a decision on the matter at this point? If it is remanded, yes, your honor Then it becomes a part of the record because at that point the fact finder will get to consider them but because he's only submitted them on appeal it was not at that point because the documents pre-existed his actual hearing date he wasn't able to show that this was newfound evidence so he had submitted on appeal or make a motion to remand In any event, the agency in this case alternatively found even considering the documents he had submitted on appeal he still had not met his burden of proof by showing a nexus So, you know, there's plenty of case law including this circuit's I think it's something Cruz decision I don't have it offhand right now but Spivak says that prosecution is not persecution and if you look at all the elements of why they went after him is that he admitted he was taking part in illegal assemblies and he was threatened with prosecutors for illegal assembly and then finally it looks like a case was started against him So to say that substantial evidence doesn't support the agency's finding this case will be very hard There's nothing really that compels an opposite conclusion because he never said that he didn't commit these acts He admits he did So there is a basis for the prosecution Mr. Wright, you know, I noticed the government rise on a case I'm not sure I'm pronouncing it correctly 11th Circuit case in 2000 I mean, 6th Circuit in 2011 I'll call it Casanova It was a Russian woman who was extorted because, you know, she was a store owner and there was no nexus there because she never expressed any political opinions But that case doesn't seem controlling here at all because clearly Skripkov is expressing anti-corruption political motivation So, I mean, is there any basis for you to rely on this Casanova case of ours? Well, the reason I cited the 11th Circuit is that it was one of the circuits that addressed Barahas-Ramiro in the 9th Circuit's decision And in that case, the 11th Circuit said Barahas doesn't apply because even under, like, a reason standard look, you know, he wasn't able to show meet the burden And alternatively, I mean, the board did the same thing and said here that he didn't meet his burden Now, he didn't specifically say a reason But even if the court, under a harmless error analysis, looks at this case and determines well, if the agency is correct that this was not a mixed motive case That is, if the agency, the substantial evidence supports the agency's conclusion that these people went after him for revenge and pecuniary reasons and not because of his political stance then even under a reason standard there's no reason to look at Barahas because it doesn't apply Because Barahas was a mixed motive withholding case where there was I see I'm out of time, Your Honors Can you finish your statement? Yes, Your Honor So even under Barahas, the error reason standard wouldn't apply in this case because the agency found that there was no other reason This was not mixed motive So the court would have to find that there's compelling evidence that the agency was incorrect subject to the court's questions Thank you Any follow-up, Judge Gilman or Judge Larson? No, that's okay Thank you for your argument, Mr. Rabin Ms. Duncan, you will have your full rebuttal Thank you, Your Honor All right, to start, I'd just like to briefly address Mr. Rabin's waiver argument Mr. Skropkov hasn't waived any argument here by specifically assigning error to the immigration judge for failing to consider all evidence before the court of his past persecution That failure colors the entire analysis the entire nexus analysis and has a potential of undermining a valid analysis with regard to all of the other incidents of past harm So we adamantly disagree that there's been a waiver here and the Sixth Circuit requires that there be a consideration of the nexus in the totality of the evidence Next, Mr. Rabin assigns a rationale to the BIA regarding this prosecution versus persecution that is not evident on the face of the BIA's decision The BIA merely concludes that if the threat of prosecution or if criminal prosecution were taken into account it would be, quote, insufficient but it doesn't elaborate on that discussion whatsoever And in fact, the case it cites directly thereafter all support the proposition that prosecution under a rule of general applicability can indeed rise to the level of persecution if it's pretextual And since the BIA didn't even address this we shouldn't be arguing it at this level anyway because it's totally untethered to any rational explanation Next, Mr. Rabin discusses the timing of the persecution And that's actually a really important point because that kind of tells us all we need to know Mr. Scribka started being violently persecuted in 2014 That's also the same time that he vocally joined Alexei Navalny's anti-corruption league That's the time that he began volunteering for them, passing out flyers, participating in peaceful political protests So if anything, the timing here really supports a nexus And the intricately intertwined nature of, as Judge Larson pointed out, between the political motive and the pecuniary motive here can't necessarily be unraveled in the way that Mr. Rabin would like to have the court believe Turning next to Mr. Rabin's point about the state-sponsored nature of this persecution Mr. Scribka's testimony was found credible and therefore this is not an evidentiary fight at this level The agency accepted that Mr. Scribka was abused by police officers And the Russian government isn't a monolith It may have motives for penalizing a whistleblower at the same time that it ousts corrupt officials for, say, appearances sake So none of that undermines the nexus here between Mr. Scribka's political motivation and his abuse Finally, I'd like to just make a clarification with regard to some of the citations we made in our brief The Al-Ghorbani and the Awatah sub-case decided by this court were both decided post-2005 and after the amendments took place by the applicants in both of those situations had actually filed pre-2005 So the one central reason had not yet been codified at that point So this is a matter of candor If the court has any further questions All right, we thank the oralists for your arguments The matter is submitted and we will give you an opinion in due course  Thank you, Your Honor Thank you, Your Honor